# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**BILLY RAY BIGGERS**                                                      **PLAINTIFF**

v.                                                       **CIVIL ACTION NO. 5:18-CV-P134-TBR**

**HON. GREG CLAMMER et al.**                                   **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Billy Ray Biggers filed a *pro se*, *in forma pauperis* 42 U.S.C. § 1983 complaint. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the complaint will be dismissed.

## I. STATEMENT OF FACTS

Plaintiff is a convicted prisoner. He names as Defendants the Honorable Greg Clammer of the McCracken County Circuit Court; Assistant Public Advocate Aubrey B. Lee; and Tim Koltenbach, Commonwealth Attorney. Plaintiff's allegations involve his 2011 conviction. He asserts that Defendant Lee, as his public defender, provided ineffective assistance of counsel while representing him during his guilty plea.

As relief, Plaintiff asks for monetary damages and injunctive relief.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore,

dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. Claims against Defendant Lee

Under § 1983, "a plaintiff must allege (1) deprivation of a right secured by the federal Constitution or laws of the United States, and (2) that the deprivation was caused by a person while acting under color of state law." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). It is firmly established that a defense attorney, regardless of whether she is a public defender or private attorney, does not act under color of state law for purposes of § 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Thus, Plaintiff fails to state a claim under § 1983 against Defendant Lee regarding his performance of a lawyer's traditional function.

### B. Claims against Defendants Clammer and Koltenbach

Plaintiff fails to include any allegations against these Defendants in his complaint. As he has raised no claims against these state officials, his claims against Defendants Clammer and

2

Koltenbach will be dismissed for failure to state a claim. *See Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).

Even if he had made allegations against these Defendants, however, his claims would still be dismissed.

Any claim for monetary damages against a state judge like Defendant Clammer is barred by the doctrine of absolute judicial immunity, under which judges are immune from monetary liability for decisions made within the scope of their official functions. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004).

Similarly, Plaintiff's claims for injunctive relief against Defendant Clammer would not succeed. Section 1983 provides in pertinent part that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Plaintiff does not allege any facts suggesting that a declaratory decree was violated or that declaratory relief was unavailable.

Any claim against the prosecutorial defendant, Defendant Koltenbach, would relate to his role as an advocate. To the extent a prosecutorial defendant was acting in his role as advocate, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, he enjoys absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *see also Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury). Thus, any claim against Defendant Koltenbach regarding Plaintiff's conviction would be barred by prosecutorial immunity.

*C. Release from imprisonment*

Finally, when the legality of a confinement is challenged so that the remedy would be a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and Plaintiff must comply with the requirement that state-court remedies are exhausted. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Therefore, to the extent that Plaintiff requests release from imprisonment, such request is not cognizable in this § 1983 action.

In the event that Plaintiff wishes to file a petition for writ of habeas corpus, the Clerk of Court is **DIRECTED** to send a 28 U.S.C. § 2254 packet to Plaintiff.

### III. CONCLUSION

For the foregoing reasons, by separate Order, the complaint will be dismissed.

Date: February 1, 2019

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
Defendants
McCracken County Attorney
4413.009

4